This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40960

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RAMON TRUEBA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Melissa A. Kennelly, District Court Judge**

Raúl Torres, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant argues that the district court erred in denying his motion to suppress. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Paananen*, 2015-NMSC-031, ¶ 10, 357 P.3d 958 (internal quotation

marks and citation omitted). On appeal, this Court "defer[s] to the district court's findings of fact if substantial evidence exists to support those findings." *State v. Martinez*, 2018-NMSC-007, ¶ 12, 410 P.3d 186 (internal quotation marks and citation omitted). We review the district court's application of the law to the facts de novo. *State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183.

**{3}** Defendant was charged with offenses in Case No. D-809-2020-00097 and entered a plea agreement. Under the terms of the plea agreement, Defendant was placed on felony probation, with a standard term requiring Defendant to allow his probation officer to visit him at his home and place of employment at any time and to consent to warrantless searches of his person and property should the probation officer have reasonable cause to believe that a search would produce evidence of a violation of the probation conditions. [D-809-DR-2020-00097; Aug. 10, 2020] *See State v. Marquart*, 1997-NMCA-090, ¶ 19, 123 N.M. 809, 945 P.2d 1027 (recognizing that the district court can impose as a condition of probation that the probationer give his or her consent to reasonable warrantless searches by probation officers). On June 8, 2021, Defendant was searched by his probation officer, and the search led to the discovery of a controlled substance in Defendant's possession. [RP 237-242] Based on the discovery of the controlled substance, Defendant was charged on July 15, 2021, in the instant case for possession of a controlled substance. [RP 22]

**{4}** On October 21, 2021, while the charges in this case were pending, Defendant filed a motion in Case No. D-809-CR-2020-00097 to withdraw the plea agreement on the basis he received ineffective assistance of counsel. On May 13, 2022, the district court granted Defendant's motion to withdraw the plea agreement. Defendant then filed a motion to dismiss or, in the alternative, to exclude the evidence discovered during the probation search in this case. Defendant argued that, had he not been on probation, he would not have been subject to the June 8 search that led to the criminal charges. [RP 238] Defendant argued therefore that the evidence discovered during the probation search was constitutionally tainted. [RP 239] The district court denied the motion, and Defendant now appeals. [RP 273-275]

**{5}** Defendant continues to argue that the district court should have suppressed the evidence in this case based on ineffective assistance of counsel in Case No. D-809-2020-00097. [MIO 5-11] However, as discussed in our notice of proposed summary disposition, the exclusionary rule is applied to remedy violations of the state and federal constitutional provisions protecting citizens' rights to be free from unreasonable searches and seizures. *See State v. Garcia*, 2009-NMSC-046, ¶ 24, 147 N.M. 134, 217 P.3d 1032 (recognizing that under the Fourth Amendment, "the exclusionary rule is designed to deter unlawful police conduct"); *State v. Trudelle*, 2007-NMCA-066, ¶ 40, 142 N.M. 18, 162 P.3d 173 (stating that the purpose of the exclusionary rule under Article II, Section 10 is to effectuate the constitutional right of the individual to be free from unreasonable search and seizure). At the time Defendant was searched by his probation officer and discovered to be in possession of a controlled substance, he was on probation and subject to the probation condition allowing search. Although Defendant was later allowed to withdraw the plea agreement under which he was

originally placed on probation, Defendant has cited to no authority to suggest that circumstance transformed his prior arrest and the resulting search into the product of unreasonable police conduct or an illegal search or seizure. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 "[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). We therefore reject Defendant's argument that the exclusionary rule was available to suppress the evidence discovered as a result of the search.

{6}     We also reject Defendant's argument that suppression of the evidence was available as a remedy for the violation of his right to effective assistance of counsel. Defendant was afforded his remedy by the district court in Case No. D-809-2020-00097, which was withdrawal of his plea agreement. *See State v. Paredez*, 2004-NMSC-036, ¶ 24, 136 N.M. 533, 101 P.3d 799 (remanding with instructions to allow the defendant to withdraw his guilty plea if the district court finds ineffective assistance); *see also State v. Castillo*, 2023-NMCA-063, ¶¶ 36-37, 535 P.3d 697 (rejecting the defendant's argument that he was entitled to dismissal as a remedy for ineffective assistance of counsel where the ineffective assistance resulted in a violation of his right to speedy trial and recognizing that the defendant was afforded the appropriate remedy, which was withdrawal of the plea agreement).

{7}     For these reasons, we affirm the district court.

{8}     **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**